**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TISLAM MOORE,

          Plaintiff,

 - v -               Civ. No. 9:03-CV-1307
                    (DNH/RFT)

GARY H. FILION, *Superintendent*,

          Defendant.

**APPEARANCES:**          **OF COUNSEL:**

TISLAM MOORE
Petitioner, *Pro Se*
97-A-6282
Franklin Correctional Facility
62 Bare Hill Rd.
P.O. Box 10
Malone, N.Y. 12953

HON. ANDREW CUOMO        MICHAEL G. McCARTIN, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, N.Y. 12224
**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

   *Pro se* Petitioner Tislam Moore is a prisoner who was found guilty, in a prison Disciplinary Hearing, of stabbing another inmate three times with a fiberglass shank. Dkt. No. 4, Am. Pet., at ¶ 4. He was sentenced to twenty-four (24) months in a Special Housing Unit (SHU) in addition to loss of telephone, packages, commissary, and twelve (12) months good time credits. *Id*. He appealed the decision, which was denied on March 1, 2000, and subsequently submitted two letters of reconsideration to Donald Selsky, Director of Special Housing, who affirmed the hearing officer's

decision in each instance. *See* State Art. 78 Ans., Ex. D., Lts. of Appeal, dated Mar. 1, 2000 & Mar. 10, 2000; Review of Superintendent's Hr'g, dated Apr. 18, 2000; Lt. of Reconsideration, dated July 6, 2000; Lt. from Donald Selsky denying reconsideration, dated July 17, 2000. Petitioner then commenced an Article 78 proceeding in New York state court, where ultimately the Appellate Division, Third Department, affirmed the judgment made in the Disciplinary Hearing. *In re Moore v. Miller*, 749 N.Y.S.2d 312 (N.Y. App. Div. 3d Dep't 2002). Thereafter, Petitioner's leave to appeal to the Court of Appeals was denied. Am. Pet. at ¶¶ 17-18; Dkt. No. 8, Ans., at ¶ 2.

Petitioner now brings a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the grounds that (1) the evidence presented at his Disciplinary Hearing was insufficient to establish guilt because the hearing officer did not assess the credibility and reliability of confidential witnesses; (2) the hearing officer denied him his right to call certain witnesses; and (3) he was denied the right to present a defense because neither the testimony of confidential witnesses nor certain documentary evidence were made available to him. Am. Pet. at [unnumbered] pp. 3-5.[1]

For the reasons below, it is recommended that this Petition be **DENIED**.

## I. BACKGROUND

The following testimony was adduced at the Petitioner's Disciplinary Hearing . *See* State Art. 78 Ans., Ex. B, Hr'g Tr., dated Feb. 23, 2001. Correctional Officer (C.O.) McGregor gave the following synopsis of the February 18, 2000 incident that led to the issuance of a Misbehavior Report against Petitioner. While assigned to the armory of the Eastern Correctional Facility on February 17, 2000, C.O. McGregor observed a scuffle on the basketball court after he made the "go back" call at about 3:05 p.m. *Id*. at pp. 19-21. He saw one inmate pulling Inmate Small's shirt, after

---

[1] Although Plaintiff numbered the paragraphs in the "Facts" section of his Amended Petition, he did not number the pages, which we have done for ease of reference to his claims. *See* Am. Pet.

which the other inmate ran off to the side and disappeared before McGregor could identify or detain him. *Id*. At that point, McGregor detained Inmate Small against a wall and asked him what was going on, to which he replied it was just "basketball stuff." *Id*. C.O. McGregor warned Inmate Small and then let him go, not noticing any blood or other injury to his person. *Id*. at p. 22.

Sergeant (Sgt.) K. Barnes, who authored the Misbehavior Report and conducted the investigation of the incident, testified that after the altercation on the basketball court, Inmate Smalls went into the shower in an attempt to clean himself and conceal any evidence of the altercation. However, two officers observed him bleeding in the shower at approximately 3:45 p.m., and he was sent to the infirmary and subsequently to an outside hospital for treatment. *Id*. at pp. 5-6. Sgt. Barnes' investigation revealed that Inmate Smalls was stabbed a total of five times in two separate incidences, three times on the basketball court by Petitioner Moore, and twice in the shower by a different assailant. *Id*. at p. 5. Sgt. Barnes testified that three separate sources came forward with information about the incidents, and all identified Moore from photo arrays of several different inmates as the inmate who stabbed Inmate Smalls on the basketball court. *Id*. Sgt. Barnes indicated that his sources wanted to remain confidential for safety reasons. *Id*. at pp. 5-7.

Sgt. Barnes issued the Misbehavior Report on February 18, 2000, charging Petitioner with stabbing Inmate Smalls twice in the back and once in the left arm. State Art. 78 Ans., Ex. A, Misbehavior Rep., dated Feb. 17, 2000. Petitioner's Tier III Superintendent's Hearing commenced on February 23, 2000 and concluded on March 1, 2000, with the aforementioned guilt determination and sentence.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110

Stat. 1214 (1996) ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. In-Custody Requirement

Before reviewing the actual merits of the Petition, this Court must be satisfied that it has proper jurisdiction. According to 28 U.S.C. § 2241, a writ of *habeas corpus* may not be granted to

a prisoner unless he is "in custody" pursuant to the sentence under attack. 28 U.S.C. § 2241(c); *see also* 28 U.S.C. § 2254. The "in custody" requirement is jurisdictional, stemming from Article III, Section 2 of the United States Constitution wherein the subject matter of federal courts is limited to those cases which present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 6 (1998); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157 (E.D.N.Y. 2003). Here, since Petitioner challenges the disciplinary sentence issued at the Tier III Superintendent's Hearing, and not the overall sentence resulting from his underlying state conviction, the Court must first consider whether he is "in custody" within the meaning of §§ 2241 and 2254 and thus, whether the Court has proper jurisdiction to review the Petition.

We note that *habeas* relief is the appropriate remedy for challenging the lawfulness of restrictive confinement within prison custody as a result of a disciplinary hearing. When a prisoner is restrictively confined, he or she may satisfy the "in custody" requirement and challenge such prison disciplinary sentence. *See Giano v. Sullivan*, 709 F. Supp. 1209, 1210 (S.D.N.Y. 1989) (citing, *inter alia*, *Boudin v. Thomas*, 732 F.2d 1107, 1111-12 (2d Cir.), *re'hrg denied*, 737 F.2d 261, 262 (2d Cir. 1984)). However, to satisfy the custody requirement, the prisoner <u>must actually be confined at the time</u> the petition for a writ of *habeas corpus* is filed. *Id.* (addressing the petition for a writ of *habeas corpus* since the petitioner was confined in a special housing unit at the time the petition was filed). If, however, the challenged sentence has already been served at the time of the filing of the petition, "*habeas corpus* review is not available to petitioner because he is not 'in custody' pursuant to the disciplinary determinations [that are] challenge[d]." *Green v. McGinnis*, 2003 WL 548826, at *2 (W.D.N.Y. Feb. 5, 2003). In the case at bar, Petitioner's sentence in SHU began on February 18, 2000, and lasted until February 18, 2002. *See* Am. Pet., Ex. 1, Hr'g Disp. Thus, Petitioner was not "in custody" when he filed his Petition on October, 29, 2003.

Consequently, this Court does not have jurisdiction in this matter under 28 U.S.C. § 2254(a). *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968).

In making this holding, we specifically distinguish the current Petition from a situation wherein a prisoner files a petition <u>while serving</u> the challenged sentence and then completes such sentence during the pendency of his *habeas* petition. Under that circumstance, the Court would have had proper jurisdiction at the onset, which may or may not have been defeated by the prisoner's subsequent release depending on whether the prisoner could still show collateral consequences stemming from such conviction thereby overcoming any mootness determination. *See Spencer v. Kemna*, 523 U.S. at 7; *Butti v. Fischer*, 385 F. Supp. 2d 183, 185-86 (W.D.N.Y. 2005); *So v. Reno*, 251 F. Supp. 2d 1112, 1121 (E.D.N.Y. 2003). Here, due to the timing of the <u>filing</u> of the Petition, this Court never obtained proper jurisdiction since the challenged sentence had already expired.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED** as the Court lacks jurisdiction to review; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   February 19, 2008
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge