UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

TISLAM MOORE,

                Petitioner,         9:03-CV–1307
                                                (DNH)(RFT)

     v.

GARY H. FILION, Superintendent,

                Respondent.

-------------------------------------------------------------

APPEARANCES:                            OF COUNSEL:

TISLAM MOORE
Petitioner, *pro se*
97-A-6282

HON. ANDREW M. CUOMO          MICHAEL G. MCCARTIN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

# O R D E R

    Tislam Moore ("Moore" or "petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 29, 2003. Docket No. 1. The petition was dismissed by Order filed April 17, 2008 ("April Order"). *See* Docket No. 16. Thereafter, petitioner filed a Notice of Appeal. Docket No. 18.

    The Court notes that Moore has *not* filed a request for a Certificate of Appealability ("COA") as required by 28 U.S.C. § 2253(c)(1). However, the Second Circuit has held that a Notice of Appeal may be construed as a Motion for a COA. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (citing *Hooper v. United*

*States*, 112 F.3d 83, 88 (2d Cir. 1997)); *see also Forbes v. United States*, 1999 WL 1133362 (S.D.N.Y 1999) (court properly construed notice of appeal as COA and ruled on same). Therefore, the Court will construe Moore's Notice of Appeal as a request for a COA.

28 U.S.C. § 2253(c)(1) provides in relevant part:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.

However, a COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

After reviewing the relevant portions of the file relating to this action, and for the reasons set forth in the April Order, the Court finds that the petitioner has failed to make such a showing. Therefore, the Court denies his request.

THEREFORE, it is

ORDERED, that

1. Petitioner's Notice of Appeal (Docket No. 18) shall be construed as a request for a Certificate of Appealability;

2. Petitioner's Application for a Certificate of Appealability (Docket No. 18) is DENIED; and

3. The Clerk of the Court is directed to serve a copy of this Order upon the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: June 9, 2008
       Utica, New York.

_____
United States District Judge